IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT HAFFNER, | Case No. 2:20-CV- 852 |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | J. |
| THE MEADOWS RACETRACK & CASINO, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Scott Haffner, by and through his trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint, based upon the following.

### I. PARTIES

1. The Plaintiff is Scott Haffner ("Haffner"), former employee of Defendant, who resides at 108 Hickory Circle, Canonsburg, Pennsylvania 15317.

2. The Defendant is The Meadows Racetrack and Casino ("The Meadows"), former employer of Plaintiff, that has a principal place of business located at 210 Racetrack Rd., Washington, Pennsylvania 15201.

### II. JURISDICTION

3. This case is brought pursuant to the federal question jurisdiction.

4. Haffner filed a Charge of Discrimination and Retaliation with the E.E.O.C., No. 533-2019-001952, and received a neutral letter of dismissal and files this complaint timely.

### III. FACTS

5. Haffner is an adult male over the age of forty-eight (48) and a Christian.

6. Haffner began working for The Meadows in 2013 as a poker dealer.

7. In April of 2017, Haffner was assigned a new supervisor, Dana Miller ("Miller") and the workplace deteriorated.

8. In January of 2019, Haffner started to report discrimination and harassment to Miller.

9. Haffner also witnessed similarly situated younger and/or female employees, Kim, Elle and Justin Stoner ("Stoner") being promoted to full-time dual-rate positions over him.

10. Haffner complained about a lack of promotion to Miller and she explained that she believed Haffner called off too much to receive a promotion.

11. This was a pretext for discrimination and retaliation because Haffner called-off appropriately and only five (5) times in six (6) years.

12. In April of 2019, Haffner reported to Miller that he was being harassed by younger co-workers such as Sean Durbecq ("Durbecq").

13. Haffner reported that Durbecq yelled and swore at him daily.

14. Durbecq knew Haffner was a Christian and routinely told Haffner he was an atheist and asked, "How do you feel about it?" with the intent to harass him.

15. Haffner also reported sexual harassment to Miller.

16. Specifically, Haffner reported that co-worker Chris Bigi ("Bigi") asked Haffer if candy tasted like male genitalia.

17. Haffner also reported that co-worker, Michael Zorn ("Zorn") harassed him about having "multiple personalities" and discussed homosexual activities with him to harass him.

18. Haffner reported that waitress, Lori Frauens ("Frauens") called him a "sissy."

19. Miller refused to take corrective action and even told Haffner, "Sometimes you have to brush things under the carpet."

20. On or about May 1, 2019, Haffner told Miller "I'm getting a lawyer and going Human Resources" about the harassment.

21. Miller responded, "Is that the path you want to go?"

22. Haffner responded, "If this continues, yes, I want it to stop."

23. Instead of addressing harassment, Miller took steps that led to Plaintiff's termination of employment.

24. On or about June 8, 2019, supervisor, John Lease ("Lease") met with Haffner and alleged he did not punch in.

25. Haffner responded that the allegation was "retaliation" for telling Miller he was going to Human Resources and getting a lawyer.

26. Haffner also said the allegation was "bullshit" and explained Lease and Nick Trolley ("Trolley") often told him to work without punching in.

27. Co-workers started work without punching in and there were also issues with the time clock.

28. Human Resources terminated Haffner on or about June 15, 2019 for "Not punching in" and responding that the allegation was "Bullshit."

29. The termination notice received by Haffner states he was terminated for, "Misconduct on the gaming floor."

30. Haffner never engaged in misconduct on the gaming floor.

31. Managers John Lease and Nick Trolley previously allowed Haffner on multiple occasions to start work without punching in.

32. Swearing was commonplace and never corrected.

33. Haffner was not provided with progressive discipline and had no pending discipline when terminated.

34. After six (6) months, all write-ups are taken off the employee's record and Haffner's record was clear of discipline.

35. Plaintiff lost his job as a result of uncorrected discrimination and retaliation.

## COUNT I: RELIGIOUS DISCRIMINATION

36. Plaintiff repeats all prior allegations herein.

37. Plaintiff suffered pervasive harassment.

38. Plaintiff reported the harassment to his supervisor.

39. The harassment was uncorrected and continued.

40. Plaintiff prays for all available relief, costs and fees and attorney fees.

## COUNT: II: REVERSE GENDER DISCRIMINATION

41. Plaintiff repeats all prior allegations herein.

42. Plaintiff suffered pervasive harassment.

43. Plaintiff reported the harassment to his supervisor.

44. The harassment was uncorrected and continued.

45. Plaintiff was also denied promotions and was disciplined in a discriminatory manner that led to his termination of employment.

46. Plaintiff prays for all available relief, costs and fees and attorney fees.

## COUNT III: AGE DISCRIMINATION

47. Plaintiff repeats all prior allegations herein.

48. Plaintiff was denied promotions provided to younger similarly situated co-workers with less experience.

49. Plaintiff was disciplined in a discriminatory manner, less favorably than younger co-workers.

50. The discrimination led to a termination of employment.

51. Plaintiff prays for all available relief, costs and fees and attorney fees.

### COUNT IV: RETALIATION

52. Plaintiff repeats all prior allegations herein.

53. Engaged in protected activity on multiple occasions and reported unlawful harassment to his supervisor.

54. The harassment was uncorrected and continued.

55. Plaintiff comaplined to his supervisor that he was going to complain to human resources.

56. Shortluy thereafter, Plaintif was terminated.

57. The reason in support fo terminaton ws a precte for retaliation because it was not a policy violation nor a terminable offense and Plaintiff was denied progressive dicipine.

58. Plaintiff prays for all available relief, costs and fees and attorney fees.

    WHEREFORE Plaintiffs prays for a judgment against the Defendant.

### JURY TRIAL DEMANDED

    Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432

                                                207 Pine Creek Road
                                                Building 1, Suite 201
                                                Wexford, Pennsylvania 15090
                                                T: 724.933.9199
                                                erik.yurkovich@gmail.com